**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **SHARON OLIVER and CHARLES OLIVER,** | |
| *Plaintiffs,* | **CIVIL ACTION NO.** |
| **v.** | **5:25-cv-00514-TES** |
| **SUNMARK COMMUNITY BANK,** | |
| *Defendant.* | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**

This case is before the Court on Defendant Sunmark Community Bank's Motion to Dismiss. [Doc. 5]. Plaintiffs Sharon and Charles Oliver filed a Complaint on November 24, 2025. [Doc. 1]. Defendant filed its Motion to Dismiss on March 20, 2026. [Doc. 5]. For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss as moot.

Through Rule 12(b)(6), a defendant may "test the facial sufficiency" of a complaint by way of a motion to dismiss. *Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) (quoting *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997)). Such a "motion is an 'assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint still fails as a matter of law to state a claim upon which relief may be granted.'" *Barreth v. Reyes 1,*

*Inc.*, No. 5:19-cv-00320-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). However, a complaint will survive a Rule 12(b)(6)-based motion if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

In their Complaint, Plaintiffs bring a claim under the Electronic Funds Transfer Act ("EFTA"). 15 U.S.C. §§ 1693 *et seq.*; [Doc. 1, p. 8]. Plaintiffs allege that they have a line of credit and checking account with Defendant. [*Id.* at ¶ 16]. Plaintiffs noticed that the available credit was less than what it should have been, and, upon inquiry, learned that someone moved $4,500 from their line of credit account to their checking account and then moved $1,500 to an outside account via smaller transfers. [*Id.* at ¶¶ 17–18]. They filed a dispute and asked Defendant to refund the $1,500, but Defendant said no. [*Id.* at ¶¶ 20–21]. Plaintiffs filed a Sheriff's Report. [*Id.* at ¶ 22]. The Sheriff told Defendant that it appeared Plaintiffs were the victims of a crime. [*Id.* at ¶¶ 23]. Plaintiffs submitted another dispute to Defendant based on the Sheriff's findings, but Defendant denied Plaintiffs' dispute again. [*Id.* at ¶¶ 24–25].

Defendant filed a Motion to Dismiss, arguing that Plaintiffs' Georgia Fair Business Practices Act ("FBPA") and Unfair and Deceptive Practices Toward the Elderly Act ("UDPTEA") "claims" should be dismissed. [Doc. 5, p. 1]. Plaintiffs responded that

their "sole claim is for violation of the Electronic Funds Transfer Act."[1] [Doc. 7, p. 1].

Therefore, the Court **DENIES** Defendants' Motion to Dismiss as moot because Plaintiffs

have clarified they only bring a single count under the EFTA. [Doc. 5]; [Doc. 7].

### CONCLUSION

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss as moot. [Doc.

4]. Plaintiffs' Complaint only contains a claim under the EFTA. [Doc. 7].

**SO ORDERED**, this 6th day of April, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In fairness to Defendant, Plaintiffs' Complaint only lists one count, but the rest of its language is, admittedly, inconsistent. For example, Plaintiffs list the FBPA and the UDPTEA in their "Statutory Scheme" section. [Doc. 1, p. 4]. They allege this Court has supplemental jurisdiction over "Plaintiff's pendent state law claims[.]" [*Id.* at ¶ 3]. Furthermore, their facts section is titled "Facts Common to All Counts[.]" [*Id.* at p. 4].