IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHARON OLIVER & CHARLES OLIVER, *Plaintiff*, v. SUNMARK COMMUNITY BANK, *Defendant*. | CIVIL ACTION NO. 5:25-cv-00514-TES |

### ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

Before the Court is Defendant Sunmark Community Bank's Motion to Strike [Doc. 10] specific portions of Plaintiffs Sharon and Charles Oliver's Complaint [Doc. 1]. Defendant previously filed a Motion to Dismiss Plaintiff's state law claims. [Doc. 5]. The Court denied Defendant's Motion as moot because Plaintiffs directly stated in their Response to Defendant's Motion that their Complaint only contains one claim: violation of the Electronic Funds Transfer Act. [Doc. 7, p. 1]. Now, Defendant filed a motion under Federal Rule of Civil Procedure 12(f) to strike the portions of Plaintiffs' Complaint related to state law.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may strike it sua sponte, or upon a motion made by a party "either before responding to the pleading," or "within 21 days after being served with the pleading." Fed. R. Civ. P.

12(f)(1)–(2). Rule 12 limits parties to one Rule 12 motion unless the second defense or objection was unavailable at the time the party filed its first Rule 12 motion. Fed. R. Civ. P. 12(g)(2).

This dispute should not be an issue. Plaintiffs admitted they only bring a claim under the Electronic Funds Transfer Act. [Doc. 7, p. 1]. Therefore, only those sections of their Complaint should be considered. Even though Defendant's Motion to Strike is likely improper under Rule 12(g)(2), ruling on it is harmless because of Plaintiff's admission. *See Fernau v. Enchante Beauty Prods., Inc.*, 847 F. App'x 612, 620 (11th Cir. 2021) (stating that decision on a successive Rule 12(b)(6) motion is harmless even though it violates Rule 12(g)(2)) (quoting *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 321–22 (3d Cir. 2015)). Accordingly, the Court **GRANTS** Defendant's Motion to Strike those portions of Plaintiffs' Complaint directly and specifically related to claims other than under the Electronic Funds Transfer Act. [Doc. 10].

**SO ORDERED**, this 11th day of May, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

2